UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**NYKIA YOUNG**                                                                                          **CIVIL ACTION**

**VERSUS**                                                                                                      **No. 24-1807**

**POPEYES LOUISIANA KITCHEN, INC., ET AL.**                                         **SECTION I**

## ORDER & REASONS

Before the Court is an amended motion[1] to remand the above-captioned matter to the 24th Judicial District Court for the Parish of Jefferson filed by plaintiff Nykia Young ("plaintiff"). Defendant Popeyes Louisiana Kitchen, Inc. ("defendant") opposes the motion.[2] Plaintiff filed a reply.[3] For the reasons that follow, the Court grants plaintiff's motion to remand.

### I. BACKGROUND

This case arises out of an alleged slip and fall that occurred at the Popeyes located at 3016 Loyola Drive in Kenner, Louisiana.[4] Plaintiff filed a petition for damages in the 24th Judicial District Court for the Parish of Jefferson.[5] Plaintiff's complaint alleges that she slipped and fell on a wet floor while waiting to receive a to-go order on August 25, 2023 and that she thereby sustained injuries.[6] She claims that defendant was negligent in failing to keep the floor in a reasonably safe condition

---

[1] R. Doc. No. 15.
[2] R. Doc. No. 16.
[3] R. Doc. No. 27.
[4] R. Doc. No. 1-3, ¶¶ 4, 7.
[5] *Id.* at 1.
[6] *Id.* ¶¶ 4, 7, 13.

and that it is therefore liable for her damages.[7] Defendant then removed this matter to federal court based on diversity of citizenship.[8]

Plaintiff subsequently filed a motion to remand, arguing that this Court lacks subject matter jurisdiction because defendant has not demonstrated that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332 for jurisdiction based on diversity of citizenship.[9] In response, defendant argues that it has adequately met its burden to demonstrate that the amount in controversy requirement is met.[10] It further argues that plaintiff has failed to rebut defendant's contention regarding the amount in controversy and refused to stipulate that plaintiff's damages do not exceed $75,000.[11]

## II. STANDARD OF LAW

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy [exceeds $75,000] and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)).

---

[7] *Id.* ¶¶ 11, 15.
[8] R. Doc. No. 1.
[9] R. Doc. No. 15, at 1–2.
[10] R. Doc. No. 16, at 3.
[11] *Id.* at 11–13.

The "party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000," exclusive of interest and costs. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); 28 U.S.C. § 1332(a). "To determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

"When a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Franco v. Teasdale*, No. CIV.A.06-27554, 2006 WL 2224743, at *1 (E.D. La. Aug. 1, 2006) (Africk, J.) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).[12] "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding

---

[12] The Court notes that plaintiffs in Louisiana "are ordinarily prohibited from specifying a monetary amount of damages in their state court petitions." *Franco*, 2006 WL 2224743, at *1. Therefore, a removing defendant in Louisiana must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Id.*

of the requisite amount.'" *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

"The jurisdictional facts that support removal must be judged at the time of the removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). "Where the 'facially apparent' test is not met, it is appropriate for the Court to consider summary-judgment-type evidence relevant to the amount in controversy as of the time of removal." *Heaverlo v. Victoria's Secret Stores*, LLC, No. CIV.A. 07-7303, 2008 WL 425575, at *2 (E.D. La. Feb. 8, 2008) (Vance, J.) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)). Post-removal stipulations or affidavits may likewise be considered if the basis for jurisdiction is ambiguous at the time of removal. *Gebbia*, 233 F.3d at 883. However, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.*

### III. ANALYSIS

The Court first considers whether it is facially apparent from the complaint itself whether it is more likely than not that the amount in controversy exceeds $75,000. Plaintiff's complaint states that she will need surgery and that she is seeking various types of general damages, including lost wages, past and future medical expenses, permanent disability, disfigurement and scarring, and loss of enjoyment of life.[13] However, this list of damages sought is insufficient to meet the facially

---

[13] R. Doc. No. 1-3, at 7–8.

apparent test absent factual allegations demonstrating that the amount in controversy is likely met.

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought," is insufficient to meet defendant's burden using the facially apparent test.[14] When "the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident," the court cannot conclude that it is facially apparent that damages will exceed $75,000. *See Demones*, Civ. A. No. 14-1968, 2014 WL 7240158, at *4. Defendants can bear their burden of proving that removal is proper by asking a court to make "common-sense inferences about the amount put at stake by the injuries the plaintiffs claim." *See Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015). But here, the Court cannot conclude that it is facially apparent that the amount in controversy requirement is met because plaintiff's complaint states only that she fell with no description of the injuries sustained.

The Court next considers whether evidence attached to the motion to remand and the opposition reveal that the amount in controversy is met. As a threshold matter, the Court notes that the requirement that jurisdictional facts be assessed at the time of removal does not bar the Court from considering this evidence, even

---

[14] *Demones v. Trinity Marine Products, Inc.*, Civ. A. No. 14-1968, 2014 WL 7240158, at *3–4 (E.D. La. Dec. 19, 2014) (Wilkinson, J.) (quoting *Davis v. JK & T Wings, Inc.*, No. 11–501–BAJ, 2012 WL 278728, at *2 (M.D. La. Jan. 6, 2012), report & recommendation adopted, 2012 WL 278685 (M.D. La. Jan. 31, 2012) (collecting cases)).

though it was not attached to defendant's notice of removal. Documentation of plaintiff's MRI,[15] plaintiff's medical expenses,[16] and plaintiff's email[17] refusing to stipulate as to the amount in controversy all existed at the time of removal[18] and therefore were "jurisdictional fact[s] at the time of removal." *See Tornabene v. Cox*, No. CV 20-400, 2020 WL 1429858, at \*2 (E.D. La. Mar. 24, 2020) (Ashe, J.) (considering a letter produced post-removal because the letter existed at the time of removal). The Court will consider these documents as evidence as to whether the amount in controversy is met.

Considering this evidence, the Court concludes that defendant has failed to meet its burden. The MRI identifies partial disc dessication at L4-5 and L5-S1; a disc bulge at L4-5; facet hypertrophy at L3-4, L4-5 and L5-S1; fluid in L3-4, L4-5, and L5-S1; and an annular tear of the L4-5 disc.[19] No evidence has been submitted to indicate what future treatment will be required or the costs of said treatment. In contrast, plaintiff has demonstrated that her known medical expenses at the time of removal amount to a mere $7,200.[20] Nearly a year passed between the alleged accident and removal to federal court. Additionally, the parties have submitted no evidence of other damages incurred, such as lost wages. *See Howard v. Winn-Dixie Stores, Inc.*,

---

[15] R. Doc. No. 16-1, at 3–4 (MRI report dated November 8, 2023).
[16] R. Doc. No. 15-4, at 2–3 (showing a health insurance claim form for services provided on November 8, 2023 and showing bills from Louisiana Pain Specialists incurred between November 20, 2023 and April 30, 2024).
[17] R. Doc. No. 16-3, at 1 (email from plaintiff's counsel declining to stipulate that plaintiff's damages will not exceed $75,000 sent on July 2, 2024).
[18] R. Doc. No. 1 (notice of removal filed on July 17, 2024).
[19] R. Doc. No. 16-1, at 4.
[20] R. Doc. No. 15-1, at 7.

No. 22-CV-02356, 2022 WL 4377528, at *1 (E.D. La. Sept. 22, 2022) (Zainey, J.) (concluding that $17,936 in medical expenses two years after the accident was insufficient to demonstrate that the amount in controversy was met). At this point, the Court cannot conclude that it is more likely than not that expenses will increase more than tenfold. Likewise, though a failure to stipulate that damages will not exceed $75,000 may be probative in close cases, it is insufficient to carry defendant's burden on its own. *See Ball-Arthur v. CVS Pharmacy, Inc.*, No. CV 24-1462, 2024 WL 3992212, at *2 (E.D. La. Aug. 29, 2024) (Zainey, J.).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiff's amended motion to remand is **GRANTED**. This case is remanded to the 24th Judicial District Court for the Parish of Jefferson because of a lack of subject matter jurisdiction.

New Orleans, Louisiana, September 23, 2024.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**